# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CRUZ HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-CV-174 JMB |
| ) | |
| JULIA CHILDREY, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Cruz Howell's petitions for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the petitions will be summarily dismissed.

## **Background**

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis County Justice Center. He has been charged with two counts of domestic assault in the second degree. *State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County).[1] The information was filed on August 9, 2018. The case is currently scheduled for a settlement conference on April 15, 2019.

On February 4, 2019, petitioner filed a document with the Court entitled "Motion for Writ of Habeas Corpus," which requests relief under 28 U.S.C. § 2241. This document is handwritten and not on a Court-provided form. In the petition, petitioner states that he has a right to a speedy trial pursuant to the Sixth Amendment, and that if the state cannot provide him a trial "per [the] 180 day rule, all charges against the accused must be dismissed with prejudice." He

---

[1] Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

further claims that the state is attempting to violate his right to a speedy trial by setting a trial beyond the 180-day time limit.[2] As the state cannot provide him with a speedy trial, he asserts that his case must be dismissed.

On February 14, 2019, petitioner filed a second petition for writ of habeas corpus under § 2241, this time using a Court-provided form. In this petition, petitioner asserts five grounds for relief. Grounds one through five are identical to the speedy trial claims raised in his handwritten petition, with the exception that he now refers to the "120 day rule" rather than the "180 day rule." In a supplement to his petition, petitioner asserts that the Court has imposed excessive bail and that he believes that the victim's statement is improperly being used against him in his criminal action.

## Discussion

Petitioner seeks to have his state criminal charges dismissed due to an alleged violation of his right to a speedy trial under the Sixth Amendment and the so-called "120 day rule" or "180 day rule." He also complains of excessive bail and that the victim's statement is being improperly used against him. For the reasons discussed below, the Court must summarily dismiss the petitions.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring

---

[2]Petitioner also states that his claim is premised on the Federal Speedy Trial Act, 18 U.S.C. § 3161. By its terms, § 3161 applies to federal criminal cases, and is inapplicable to petitioner's state law charges.

2

a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for petitioner to attack his case on speedy trial grounds and to contest his bond.

### A. Speedy trial claims

In both his first and second petitions, petitioner asserts that his case should be dismissed because his right to a speedy trial pursuant to the Sixth Amendment[3] of the United States Constitution and the Missouri Constitution has been violated. The crux of his contention resides in what he refers to as the "180 day rule" in his handwritten petition, and the "120 day rule" in the petition filed on a Court form. According to petitioner, this rule provides that his case must be brought within either 120 days or 180 days of his arrest or be dismissed. Since that period has elapsed in his criminal case, he believes that dismissal with prejudice is required.

To begin, it is clear that petitioner is attempting to obtain relief using an outdated version of the Missouri Speedy Trial Act. Prior to its repeal on June 7, 1984, Missouri law provided that when "a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment." *See State v. Bolin*, 643 S.W.2d 806, 810 n.3 (Mo. 1983) (providing statutory language). The current, operative version of the Speedy Trial Act does not

---

[3] The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

3

have a 120-day or 180-day requirement. *See State v. Engel*, 859 S.W.2d 822, 830-31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days"). Indeed, it does not contain a time period at all. Rather, the act provides that "[i]f defendant announces he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1). Thus, to the extent that petitioner is proposing that there has been a violation of a strict statutory deadline, whether that is 120 or 180 days, he is mistaken.

Furthermore, with regards to the current version of the Missouri Speedy Trial Act, the Court is unable to grant petitioner relief. Federal courts do "not have jurisdiction under 28 U.S.C. § 2241…to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, such claims based on state law and the actions of state officials must be addressed by a state court. *Id. See also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts"). For these reasons, petitioner's speedy trial claim based on Missouri's Speedy Trial Act must be dismissed.

With regards to petitioner's Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas

4

corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, petitioner has not demonstrated that he has exhausted his state court remedies. Review of his state proceedings show that on November 15, 2018, petitioner filed a motion for a speedy and public trial; that on January 14, 2019, he filed a motion for writ of habeas corpus; and that on January 28, 2019, he filed a motion to vacate for failure to prosecute. All these motions were filed with the circuit court. It does not appear that they have been set for a hearing or ruled on by either the circuit court or a Missouri appellate court. More pertinently, petitioner has not filed for a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. Mo. Rev. Stat. § 545.780(2). He has also failed to establish any "special circumstances" that would allow him to avoid exhausting his state

5

remedies. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. In particular, a petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in state court. *See Neville*, 611 F.2d at 676. Here, petitioner is not attempting to compel a state trial, but to avoid one. His state criminal case is still ongoing. A settlement conference has been scheduled for April 15, 2019. The Court notes that up until February 24, 2019, petitioner was represented by counsel in his state criminal case, and that some of the delays are the result of motions filed by his own attorney.[4] For instance, the settlement conference on November 27, 2018 was continued at defense counsel's request. Meanwhile, the settlement conference on January 28, 2019 was continued for argument on motions filed by both the state and the defense. In light of this, the Court declines petitioner's request to insert itself into an ongoing state criminal case or to circumvent state-court processes, especially without a showing that he has availed himself of state court mechanisms. As such, petitioner's speedy trial claims must be dismissed.

### B. Excessive bail claim

Petitioner claims that his bond amount violates the United States Constitution. Specifically, he alleges that he is being held on a $500,000 cash-only bond, even though he is only charged with two class D felonies. He further states that he cannot afford this bond amount.

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

---

[4] On February 25, 2019, petitioner sought leave to represent himself in his criminal action. The Court granted petitioner's request.

6

While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

As noted above, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636. Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief. *See Neville*, 611 F.2d at 675. *See also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever*, 36 F.3d at 1534.

Similar to his speedy trial claims, petitioner has failed to exhaust his state court remedies with regard to bail. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. Ct. R. 33.09. There is no indication that petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. Thus, he has not exhausted his state remedies. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion

requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

The purpose of exhaustion is to protect the role of state courts in enforcing federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If petitioner was allowed to proceed without exhausting his state remedies, it would place this Court in the position of second-guessing the state court judge and interrupting the state adjudication of petitioner's case. The Court therefore declines petitioner's request to rule upon the constitutionality of his bond before he has utilized the state court mechanisms for such review. As such, petitioner's excessive bail claim must be dismissed.

### C. Petitioner's Attack on Victim Statement

Petitioner asserts that the victim's statement attached to the police report which forms the basis for the domestic assault charges in his state criminal case should be thrown out by this Court because they are unsigned. Petitioner further asserts that he believes that the victim made up her testimony because she was mad at him at the time. Evidentiary issues such as these are up to the criminal court in which these matters are brought. Neither of these claims constitute grounds for relief under § 2241, which provides, in relevant part, that a writ of habeas corpus shall not extend to a prisoner unless the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's complaints regarding the sufficiency of evidence against him simply do not constitute allegations that he is being held illegally by the State of Missouri. Therefore, these claims must be dismissed.

### D. Summary dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's applications for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1 and #5] are **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 14th day of March, 2019.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE