# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CRUZ HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-CV-174 JMB |
| ) | |
| JULIA CHILDREY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion for reconsideration of the dismissal of his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. For the reasons discussed below, petitioner's motion for reconsideration will be denied.

### Background

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis County Justice Center. He has been charged with two counts of domestic assault in the second degree. *State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County).[1] Petitioner was also charged with one count of domestic assault in the second degree in a second case in St. Louis County Court currently pending, *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County).

The information in Case No. 18SL-CR05526-01 was filed on August 9, 2018, and trial is currently set for September 9, 2019. In Case No. 18SL-CR02937-01, the Complaint was filed on April 13, 2018, and a Grand Jury Indictment was filed on May 23, 2018. Trial is currently set for

---

[1]Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

September 9, 2019. It appears the two cases will be tried together on that date in front of the Honorable Joseph L. Walsh, III.

In the present action, petitioner filed a document with the Court on February 4, 2019, titled, "Motion for Writ of Habeas Corpus," which requested relief under 28 U.S.C. § 2241. His document was handwritten and not on a Court-provided form. In the petition, petitioner stated that he had a right to a speedy trial pursuant to the Sixth Amendment, and that if the state cannot provide him a trial "per [the] 180 day rule, all charges against the accused must be dismissed with prejudice." He further claimed that the state was attempting to violate his right to a speedy trial by setting a trial beyond the 180-day time limit.[2] Because the state was purportedly not providing him with a speedy trial, he asserted that his case was subject to dismissal.

On February 14, 2019, petitioner filed a second petition for writ of habeas corpus under § 2241, this time using a Court-provided form. In this petition, petitioner asserts five grounds for relief. Grounds one through five were identical to the speedy trial claims raised in his handwritten petition, with the exception that he referred to the "120 day rule" rather than the "180 day rule." In a supplement to his petition, petitioner asserted that the Court had imposed excessive bail and that he believed that the victim's statement was improperly being used against him in his criminal action.

On March 14, 2019, the Court reviewed petitioner's petition for writ of habeas corpus and denied and dismissed his application for relief. The Court found that petitioner had not demonstrated that he had exhausted his state court remedies with respect to neither his speedy trial claims nor his excessive bond claims. Additionally, petitioner had failed to show the

---

[2]Petitioner also states that his claim is premised on the Federal Speedy Trial Act, 18 U.S.C. § 3161. By its terms, § 3161 applies to federal criminal cases, and is inapplicable to petitioner's state law charges.

2

existence of special circumstances that obviates the exhaustion requirement. Petitioner asserts in his motion for reconsideration that the Court examined his speedy trial and excessive bond claims in relation to the wrong state criminal case.

In other words, petitioner claims that his habeas corpus petition relates to the assault claims in *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County) rather than the assault claims in *State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County).

In light of petitioner's assertions, the Court will review petitioner's claims in his habeas corpus petition in relation to *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County).

## Discussion

Petitioner seeks to have his state criminal charges dismissed in *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County) due to an alleged violation of his right to a speedy trial under the Sixth Amendment and the so-called "120 day rule" or "180 day rule." He also complains of excessive bail and that the victim's statement is being improperly used against him. For the reasons discussed below, the Court will deny petitioner's request for reconsideration of the dismissal of this action. Petitioner's habeas petition, even if seeking to review his criminal case in *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County), is subject to dismissal for the same reasons set forth in the Court's prior Memorandum and Order.[3]

---

[3] The Court notes that as set forth in its prior Memorandum and Order, this action is properly reviewed pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions

3

### A. Speedy trial claims

As set forth in the Court's March 14, 2019 Memorandum and Order, petitioner is attempting to obtain relief using an outdated version of the Missouri Speedy Trial Act. Prior to its repeal on June 7, 1984, Missouri law provided that when "a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment." *See State v. Bolin*, 643 S.W.2d 806, 810 n.3 (Mo. 1983) (providing statutory language). The current, operative version of the Speedy Trial Act does not have a 120-day or 180-day requirement. *See State v. Engel*, 859 S.W.2d 822, 830-31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days"). Indeed, it does not contain a time period at all. Rather, the act provides that "[i]f defendant announces he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1). Thus, when petitioner asserts in his motion for reconsideration that the prosecutor had "180 days" to reach a final disposition of *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County), and the "time limit expired" on December 13, 2018, he is wrong. There is simply no such time limit under Missouri statutory law.

Furthermore, with regards to the current version of the Missouri Speedy Trial Act, the Court is unable to grant petitioner relief. Federal courts do "not have jurisdiction under 28 U.S.C. § 2241…to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, such claims based on state law and the actions of state officials must be addressed by a state court. *Id. See also Matthews v. Lockhart*,

---

"are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

4

726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts"). For these reasons, petitioner's speedy trial claim under *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County), based on Missouri's Speedy Trial Act is subject to dismissal, and his motion for reconsideration should be denied.

Petitioner asserted in his application for relief that his speedy trial rights were also violated under the Sixth Amendment[4] of the United States Constitution. With regards to petitioner's Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in

---

[4] The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

5

the interest of comity between federal and state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

As noted in the Court's prior Memorandum and Order, in this case, petitioner has not demonstrated that he has exhausted his state court remedies. Review of his state proceedings in *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County), show that on February 25, 2019, petitioner filed a "writ of mandamus" in his criminal case insisting that the Court set his case for trial as "soon as reasonably possible thereafter." In that petition, petitioner stated that he had previously invoked his speedy trial rights on three prior separate occasions: on November 15, 2018; July 23, 2018; and June 25, 2018. In fact, on November 15, 2018, petitioner did send a pro se request for speedy trial to the Circuit Court. However, there are no subsequent notations on the other dates offered by petitioner relating to his requests for speedy trial noted on the Court's docket.

Taking petitioner's allegations as true that he motioned for speedy trial before the Circuit Court several times, the ultimate result is that petitioner's motions relating to speedy trial were filed with the Circuit Court. It does not appear that they have been set for a hearing or ruled on by either the Circuit Court or a Missouri Court of Appeals. **More pertinently, petitioner has not filed for a writ of mandamus with the Missouri Court of Appeals, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. Mo. Rev. Stat.**

6

**§ 545.780(2). He has also failed to establish any "special circumstances" that would allow him to avoid exhausting his state remedies.** *See Dickerson***, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).**

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. In particular, a petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in state court. *See Neville*, 611 F.2d at 676. Here, petitioner is not attempting to compel a state trial, but to avoid one. His state criminal case is still ongoing, and his next court date is set for July 22, 2019.

As noted above, his case is set for trial on September 9, 2019. Petitioner was represented by counsel in his state criminal action until he requested that he be allowed to waive his right to counsel on April 16, 2019. He was allowed to do so on that same date, and he is currently being screened for a new public defender. Prior to that time, some of the delays in trial were the result of motions filed by his own attorney. In light of this, the Court declines petitioner's request to insert itself into an ongoing state criminal case or to circumvent state-court processes, especially without a showing that he has availed himself of state court mechanisms. As such, petitioner's speedy trial claims must be dismissed.

### B. Excessive bail claim

In *State of Missouri v. Howell*, No. 18SL-CR02937-01 (21st Judicial Cir. St. Louis County), when plaintiff was charged with second degree domestic assault, the docket shows that bond was originally set at $50,000. However, on May 3, 2018, defendant's bond was reduced to $5,000, being 10% of $50,000, a condition of which was that defendant was to have no contact with the

purported victim. On July 18, 2018, petitioner allegedly violated the terms of his release by beating the purported victim with a metal stool and an aluminum baseball bat, for which two counts of domestic assault in the second degree were then issued. *See State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County). Thus, on July 23, 2018, the State moved to revoke petitioner's bond. It appears that since that time in the present case, petitioner has since been held without bond.[5]

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

As noted above, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636. Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief. *See Neville*, 611 F.2d at 675. *See also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal

---

[5]Petitioner is being held on a $500,000 cash-only bond in *State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County).

8

court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever*, 36 F.3d at 1534.

Similar to his speedy trial claims, petitioner has failed to exhaust his state court remedies with regard to bond. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. Ct. R. 33.09. There is no indication that petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. Thus, he has not exhausted his state remedies. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

The purpose of exhaustion is to protect the role of state courts in enforcing federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If petitioner was allowed to proceed without exhausting his state remedies, it would place this Court in the position of second-guessing the state court judge and interrupting the state adjudication of petitioner's case. The Court therefore declines petitioner's request to rule upon the constitutionality of his bond before he has utilized the state court mechanisms for such review. As such, petitioner's excessive bond claim is also subject to dismissal and the Court will not reconsider this claim.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of his application for petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of May, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE